IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| IN RE BROOKSTONE HOLDINGS CORP., *et al.*, | : | Chapter 11 |
| | : | |
| Debtors. | : | Bankr. Case No. 18-11780-BLS |
| _____ | : | |
| | : | |
| NEW BROOKSTONE DEFENDANTS, | : | |
| | : | |
| Appellants, | : | Civ. No. 19-2256-MN |
| v. | : | |
| | : | |
| ASHLEY C. WILLIAMS, *et al.*, | : | |
| | : | |
| Appellees. | : | |

---

**MEMORANDUM ORDER**

At Wilmington this 4th day of May 2020:

**I.    INTRODUCTION**

Before the Court is the Motion to Dismiss Bankruptcy Appeal for Failure to Prosecute (D.I. 4, 5) ("Motion to Dismiss") filed by appellees Ashley C. Williams, individually, Michael S. Williams, individually, and Ashley and Michael William on behalf of their minor son, GW ("Movants").  The "New Brookstone Defendants" (collectively, "Appellants") are insurance companies that have appealed an Order dated November 26, 2019, entered by the United States Bankruptcy Court for the District of Delaware ("Bankruptcy Court"), which granted Movants' motion to allow late filed proofs of claim (B.D.I. 1390)[1] ("Late Claims Order").  Appellants have filed an objection to the Motion to Dismiss (D.I. 11), and Movants have filed a reply (D.I. 13). The Court did not hear oral argument because the facts and legal arguments are adequately

---

[1]    The docket of the Chapter 11 cases, captioned *In re Brookstone Holdings Corp.*, No. 18-11780 (BLS), is cited here as "B.D.I. __."

1

presented in the briefs and record, and the decisional process would not be significantly aided by oral argument. For the reasons set forth herein, the Motion to Dismiss is denied.

## II. BACKGROUND

In 2014, Brookstone Company, Inc., together with certain affiliated entities ("Debtors") filed petitions for relief pursuant to chapter 11 of the Bankruptcy Code ("2014 Chapter 11 Cases"). In the course of those cases, the Debtors sold substantially all of their assets, and, on June 24, 2014, confirmed a plan of reorganization ("2014 Plan"). On July 7, 2014, the 2014 Plan became effective.

More than a year after the effective date of the 2014 Plan, on September 10, 2015, the infant GW ingested magnets sold by the Debtors. Movants assert that GW suffered injuries of a personal, permanent, and pecuniary nature.[2] Their complaint, filed January 5, 2018, alleges that defendants Brookstone Company, Inc., Brookstone Stores, Inc., and Brookstone, Inc. sold extremely powerful rare earth magnets marketed as children's toys, notwithstanding that the defendants knew or should have known that given their size, such magnets posed a substantial risk to children if they were ingested. Minor GW was hospitalized for six months with serious medical issues and now requires constant medical care. The cost of GW's medical treatment has been and continues to be substantial.

On August 2, 2018, the Debtors again filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code ("2018 Chapter 11 Cases"), and subsequently confirmed a plan ("2018 Plan"), which, inter alia, appointed a liquidating trustee ("Liquidating Trustee"). Movants and

---

[2]   *See* D.I. 5-1, Ex. A, Complaint dated January 5, 2018, filed in the U.S. District Court for the Northern District of Illinois, Eastern Division, Case No. 18-cv-00044 ("Initial PI Complaint"). Following dismissal of the Initial PI Complaint without prejudice for failure to adequately plead diversity jurisdiction, Movants filed a complaint in the U.S. District Court for the Northern District of Illinois, Case No. 19-cv-00144 ("PI Complaint"), which contains allegations nearly identical to those contained in the Initial PI Complaint.

the Liquidating Trustee stipulated to relief from the automatic stay and the injunction provision contained in the 2018 Plan so that Movants' litigation could continue, provided that Movants agreed not to participate as creditors or receive an economic recovery from the Debtors and their estates and further agreed to limit their potential recovery solely to the proceeds of the Debtors' applicable insurance proceeds and non-debtor third parties. On July 1, 2019, Movants sought permission to file late proofs of claim against the Debtors and their estates consistent with the agreement reached with the Liquidating Trustee[3] (B.D.I. 1279) ("Motion to Allow Claims"), and Appellants objected to this relief.

A hearing on the Motion to Allow Claims ("Claims Hearing") was scheduled for August 28, 2019 (B.D.I. 1310), but the start time was subsequently rescheduled several times by the Bankruptcy Court. (B.D.I. 1311, 1312, 1315).  When the Claims Hearing began, Appellants' counsel was not present, and the Claims Hearing was adjourned for 48 minutes in order to reach Appellants' counsel.  (*See* D.I. 10-1, 8/28/19 Hr'g Tr. at 8:19-20).  The Claims Hearing resumed upon counsel's arrival, and Appellants presented their objection.  The Bankruptcy Court ultimately granted Movants' Motion to Allow Claims and directed the parties to confer and submit an order memorializing its ruling.  (*Id.* at 35:11-19).

On September 19, 2019, Movants circulated a two-page draft proposed order granting the relief requested.  On September 25, 2019, Movants followed up with Appellants.  The Liquidating Trustee circulated comments to the proposed order on October 5, 2019.  On October 29, 2019, Movants responded to the Liquidating Trustee's comments and again followed up with the Appellants.  Appellants circulated comments on October 30, 2019 and additional comments on November 1, 2019.  The parties subsequently negotiated the form of order in a series of emails

---

[3]   Movants have reserved their right to argue that they do not need to file proof of claim against the Debtors as a predicate to seeking a recovery against the Debtors' insurance policies and/or third parties.  (*See* D.I. 5 at 3 n.3).

and filed it with the Bankruptcy Court on November 21, 2019. The Bankruptcy Court entered the Late Claims Order on November 26, 2019, ninety (90) days after the Claims Hearing.

On December 10, 2019, Appellants filed their appeal from the Late Claims Order. (D.I. 1). Pursuant to this Court's Standing Order Re Procedures to Govern Mediation of Appeals from the United States Bankruptcy Court for this District, dated September 11, 2012, all briefing and motion practice on the appeal was stayed pending the mediation process. On December 11, 2019, the parties were directed to make a joint written submission to Chief Magistrate Judge Thynge on their respective positions regarding mediation and the reasons for their positions no later than January 8, 2020. On January 7, 2020, Movants filed their Motion to Dismiss for failure to prosecute.

### III.  JURISDICTION

Appeals from the Bankruptcy Court to this Court are governed by 28 U.S.C. § 158. Pursuant to § 158(a), district courts have mandatory jurisdiction to hear appeals "from final judgments, orders, and decrees" and discretionary jurisdiction over appeals "from other interlocutory orders and decrees." 28 U.S.C § 158(a)(1) and (3).

### IV.  ANALYSIS

#### A.  The Court Will Not Dismiss the Appeal Based on its Inherent Authority

The Court, like any federal court, has the inherent power to dismiss an action as a result of a party's failure to prosecute. *See Chambers v. NASCO, Inc*., 501 U.S. 32, 44 (1991) ("there are other facets to a federal court's inherent powers . . . [I]t may act sua sponte to dismiss a suit for failure to prosecute."); *see also In re Yan,* 2007 WL 1991527 at *1 (N.D. Cal. July 2, 2007) ("The court also has the authority to dismiss a case for lack of prosecution pursuant to its inherent authority, in order to prevent undue delays in the disposition of pending cases, docket congestion, and, the possibility of harassment of a defendant) (internal quotations and citations omitted).

4

Bankruptcy Rule 8003(a)(2) provides the Court with the power to dismiss an appeal as a result of an appellant's failure to timely prosecute. That rule states, "[a]n appellant's failure to take any step other than the timely filing a notice of appeal does not affect the validity of the appeal, but is ground only for the district court or BAP to act as it considers appropriate, including dismissing the appeal." FED. R. BANKR. P. 8003(a)(2).

Movants seek dismissal on the basis that Appellants failed to timely file their "designation of the items to be included in the record on appeal and a statement of the issues to be presented" within fourteen (14) days of having filed their Notice of Appeal on December 10, 2019 – by December 26, 2019 – as required by Federal Rule of Bankruptcy Procedure 8009. Appellants argue that immediately following the filing of the Notice of Appeal on December 11, 2019, this Court or this Court's Clerk's Office placed a notation on the docket stating that:

> "Notice of Bankruptcy Appeal Record Availability. DESIGNATED RECORD on Appeal is available electronically from the docket sheet on file in the Bankruptcy Court. Please do not send courtesy copies of the record on appeal to the Clerk's Office unless otherwise directed by Chambers."

According to Appellants, this docket entry led Appellants to believe that no Designation of Record should be filed with the Court. Appellants also attached email correspondence regarding conflicting advice that their counsel received regarding whether to file the designations required by Bankruptcy Rule 8009. Appellants filed their designations on January 15, 2020. (*See* D.I. 8).

The decision of whether to dismiss an appeal for appellant's failure to prosecute is within the discretion of the district court. *Ocwen Fed. Savs. Bank, FSB v. Jennings*, 2006 WL 2403442, at *1 (D. N.J. Aug. 17, 2006). The docket notation advises that no courtesy copies of the designated record on appeal should be delivered to the Clerk's Office. The docket notation does not impact the federal requirement that Appellants file a designation of the items to be included in the record on appeal, nor does the docket notation even mention the required statement of issues

5

to be presented on appeal. FED. R. BANKR. P. 8009(a). Movants urge the Court to exercise its inherent authority to dismiss the appeal based on Appellants' failure to comply with Bankruptcy Rule 8009. The record, however, reflects that Appellants immediately remedied the filing deficiency. (D.I. 8). The Court finds that, under these circumstances, Appellants' 20-day delay in filing their Bankruptcy Rule 8009 designation does not warrant the remedy of dismissing the appeal.

### B. Application of the *Poulis* Factors Does Not Warrant Dismissal of the Appeal

The Third Circuit set forth factors to be considered when a movant seeks to dismiss an action for failure to prosecute in *Poulis v. State Farm Fire and Casualty Co.*, 747 F.2d 863, 868-70 (3d Cir. 1984). The *Poulis* factors are: (1) the extent of the party's personal responsibility; (2) prejudice to the adversary; (3) a history of dilatoriness; (4) whether the attorney's conduct was willful or in bad faith; (5) alternative sanctions; and (6) merit of the claim. Movants argue that the *Poulis* factors have been applied in the context of a failure to prosecute an appeal and should be applied here. *See e.g., In re eToys, Inc.*, 2007 WL 625850, at *2 (D. Del. Feb. 27, 2007); *Paules v. Carr,* 2007 WL 3274194 (M.D. Pa. Nov. 5, 2007). The Courts finds that application of the *Poulis* factors in this case does not support dismissal of the appeal.

***Extent of the party's personal responsibility; history of dilatoriness.*** In addition to Appellants' failure to timely file their designations, Movants point to Appellants' counsel's failure to timely appear at the Claims Hearing and delay in circulating comments on the proposed order as supporting the first and third *Poulis* factors.

The transcript of the Claims Hearing clearly reflects that counsel's confusion was likely due to the Bankruptcy Court's last-minute rescheduling of the time for the Claims Hearing, and the Bankruptcy Court was clear to note that no fault for the confusion should be attributed to Appellants' counsel. (*See* D.I. 10-1, 8/28/19 Hr'g Tr. at 6:3-14; 9:1-3; 35:22-23). With respect

to the proposed form of order, Movants argue that because of Appellants' delay in circulating comments, the Late Claims Order was not entered for ninety (90) days following the Claims Hearing. Appellants argue that it was not responsible for a 90-day delay, and that any delay was not unreasonable, as Appellants are being pursued for almost $30 million and needed time to carefully consider the many relevant materials, wait from the hearing transcript, and discuss the matter at various levels of their organizations. (*See* D.I. 12 at 3-4). Based on Movants' timeline, the Court finds that it took Appellants 41 days to provide comments on the proposed order: Movants first circulated the proposed form of order on September 19, 2019, and Appellants circulated their comments on October 30, 2019. During that time, the Liquidating Trustee circulated comments to the proposed order on October 5, 2019, to which Movants responded on October 29, 2019. Once Movant's position on the Liquidating Trustee's comments was known, Appellants circulated their comments the following day. This delay does not weigh in favor of exercising discretion to dismiss the appeal.

***Prejudice to Movants.*** Movants argue that GW was grievously injured, requires around the clock medical care, and therefore "[a]ny further, frivolous delay in securing insurance coverage for GW is prejudicial." (D.I. 5 at 7). Appellants argue that this is not the nature of the "prejudice" inquiry called for by law. The Court agrees. Generally prejudice includes loss of evidence that cannot be retrieved, fading memories, heavy litigation costs that could have been avoided, and being deprived of information necessary to effectively litigate. *See Briscoe v. Klaus*, 538 F.3d 252, 259 (3d Cir. 2008).[4] Movants further argue that, without the benefit of Appellants' designation of issues on appeal, mediation would not be effective. By subsequent agreement of

---

[4] The Court is sympathetic to Movants' position, and while the Court will consider any agreed upon briefing schedule submitted by the parties, the Court intends to rule on the merits of this appeal as promptly as its calendar will permit.

the parties (D.I. 6), however, the appeal did not proceed through mediation, so there was no prejudice to Movants with respect to mediation.

With respect to the Illinois District Court Action, however, Movants make a compelling argument that they have been prejudiced by Appellants' failure to comply with Bankruptcy Rule 8009 and timely identify the issues presented on appeal. Appellants obtained a stay of the Illinois District Court Action pending the outcome of this appeal by representing to the Illinois District Court that the discharge issue will be decided by this Court and may "moot" the Illinois District Court Action.

> If the United States District Court for the District of Delaware reverses the United States Bankruptcy Court of the District of Delaware's order and holds that Plaintiffs' should not receive leave to file late filed proofs of **claim *because their claims were discharged in the 2014 bankruptcy***, this case must be dismissed. ***Because the pending appeal is potentially dispositive of this case***, this court should stay all proceedings until the appeal yields a final order.

(*See* D.I. 13, Ex. A, at 3-4) (emphasis added). On January 14, 2020, the Illinois District Court entered an order staying the litigation of Movant's claims pending the outcome of this appeal. (D.I. 13, Ex. C at docket entry 25). On January 15, 2020, Appellants filed their designation, identifying as an issue in this appeal whether "[Movant's] claims were discharged in a 2014 bankruptcy." (D.I. 8 at 2-3).

According to Movants, stay of the Illinois District Court Action was improperly obtained and is extremely prejudicial to Movants. Movants argue that Appellants did not identify the discharge issue as an issue on appeal until the day following the Illinois District Court's entry of the order staying the Illinois District Court Action, and that Appellants' delay in filing their statement of issues on appeal prejudiced Movants in their ability to oppose that stay and to seek an order from the Bankruptcy Court striking the discharge issue as an issue on appeal (which Movants have since filed). (*See* D.I. 13 at Ex. B). Movants argue that the discharge issue was

8

not procedurally before the Bankruptcy Court, was not adjudicated on the merits, was not part of the Late Claims Order, and is not properly an issue on appeal. (D.I. 13 at 2). Even if this is an issue properly on appeal, Movants argue, it is not a case dispositive issue for the Illinois District Court Action, as insurance companies do not get the benefits of the debtor's discharge and parties do not need to file proofs of claim against debtors in order to recover against their insurance companies.[5] The Court agrees that, without notice of the issues to be presented on appeal, Movants were prejudiced in the 20-day period by which Appellants delayed their compliance with Bankruptcy Rule 8009 while seeking relief in the Illinois District Court. Appellants used this appeal as a shield in the Illinois District Court Action, prejudicing Movants who litigate in both forums to protect the possibility of recovery. While the *Poulis* prejudice factor weighs in favor of Movants, upon consideration of the remaining factors, it is insufficient to warrant dismissing the entire appeal.

***Whether the attorney's conduct was willful or in bad faith.*** Movants argue that filing the designation of record and statement of issues of issues on appeal the very next day after obtaining a stay of the Illinois District Court Action "appears calculated, and intended to prejudice [Movants'] argument against obtaining a stay pending appeal." (D.I. 13 at 6). Movants assert that Appellants' representations to the Illinois District Court to obtain the stay – that the discharge issue is on appeal before this Court and may be dispositive of the Illinois District Court Action –

---

[5] Movants cite *First Fidelity Bank v. McAteer*, 985 F.2d 114, 118 (3d Cir. 1993) ("the protection from liability afforded the debtor under the Code does not affect the liability of the debtor's insurers. Courts relying on 11 U.S.C. § 524(e), have allowed claimants to proceed with tort claims against the debtor for the purpose of collecting from the debtor's liability insurer."); *In re SelectBuild Illinois, LLC*, 2015 WL 3452542, at *8-9 (Bankr. D. Del. May 28, 2015) ("The protection from liability afforded the debtor under the Code does not affect the liability of the debtor's insurers."); *Hawxhurst v. Pettibone Corp.*, 40 F.3d 175, 180 (7th Cir. 1994) ("Failure to file a proof of claim in reorganization proceedings under Chapter 11 does not bar the claimant from recovering against the debtor's insurers.") (internal citations omitted). (*See* D.I. 13 at 7).

were "less than forthcoming." (*Id*. at 7). Although the Motion to Dismiss canvases cases that appear to support Movant's argument that there is no case-dispositive issue on appeal here, it stops short of alleging that any of conduct was willful or in bad faith. This factor weighs against dismissal of the appeal as well.

*Alternative sanctions.* Movants do not suggest any alternative sanctions to the extreme sanction of dismissing the appeal. *See, e.g., NHL v. Metro Hockey Club*, 427 U.S. 639 (1976) (describing the dismissal of an appeal as an "extreme sanction").

*Meritoriousness of the claim or defense.* Appellants will argue on appeal that the Bankruptcy Court abused its discretion in extending a deadline to file claim under Bankruptcy Rule 9006 after applying the *Pioneer* factors. Movants argue that the appeal has no merit, as the Bankruptcy Court had full discretion to grant relief, and the record is bereft of any evidence that the Bankruptcy Court abused its discretion. (D.I. 5 at 8). "A claim, or defense, will be deemed meritorious when the allegations of the pleadings, if established at trial, would support recovery by plaintiff or would constitute a complete defense." *Poulis,* 747 F.2d at 869-70 (citing *U.S. v. $55,518.05 in U.S. Currency*, 728 F.2d 192, 195 (3d Cir. 1984); *Farnese v. Bagnasco*, 687 F.2d 761, 764 (3d Cir. 1982). Appellants' objection to the Motion to Dismiss provides little color as to how the Bankruptcy Court may have abused its discretion in allowing the late-filed claims. Indeed, as Movants argue, it is unclear that a proof of claim is required to recover against the Debtors' insurers, in which case even a reversal of the Late Claims Order may not provide a "complete defense" to the recovery ultimately sought by Movants. The transcript of the Claims Hearing, however, reflects that the Bankruptcy Court identified one issue as a "complicated question," and "struggle[d] with" another issue, and noted that there were few cases on point. (*See* D.I. 10-1, 8/28/19 Hr'g Tr. at 21-22; 27-28). The ruling itself reflects it was made in a "nuance[d] and challenging context." (*Id*. at 30:6-11). Although Appellants' burden to show

abuse of discretion will be difficult to meet, the Court cannot conclude at this stage that the appeal lacks merit, and this factor further weighs against dismissal of the appeal.

## V. CONCLUSION

For the reasons set forth herein, the *Poulis* factors weigh against dismissal of the appeal, and the Motion to Dismiss is DENIED. The parties are directed to confer and submit a proposed briefing schedule on the merits of the appeal within ten (10) days of the entry of this Memorandum Order.

_____
The Honorable Maryellen Noreika
United States District Judge